# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARION ANDERSON, a/k/a, DARREL M. ROBINSON

Petitioner,

vs.

E.K. MCDANIEL, et al.,

Respondents.

3:09-cv-00761-RCJ-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1), as well as upon petitioner's motions (## 10 & 13) for appointment of counsel. This order follows upon the Court's earlier show cause order (#14) and petitioner's response (#15) thereto.

## Background

Petitioner Marion Anderson a/k/a Darrel Robinson challenges his Nevada state conviction, pursuant to a guilty plea, of robbery with the use of a deadly weapon.

The judgment of conviction was filed on January 3, 2005. Petitioner did not file a direct appeal, and the thirty-day time period for doing so expired on February 2, 2005. #9, Ex. 1.

On or about June 9, 2005, after 126 days had passed, petitioner mailed a state post-conviction petition to the state district court for filing. See #6, at electronic docketing page 101. The state district court denied relief, and petitioner appealed. On the state post-conviction appeal, the Supreme Court of Nevada held that petitioner had been deprived of

his right to a direct appeal. In its September 20, 2006, order the court, *inter alia*, remanded for the pursuit of a petition presenting direct appeal issues pursuant to *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994), with appointed counsel. See #9, Ex. 2, at 1-2. The remittitur issued on October 17, 2006. See,e.g., #6, at electronic docketing page 32.[1]

In November 2006, the state district court appointed counsel for petitioner, and petitioner filed a counseled *Lozada* petition on May 10, 2007. See,e.g., #6, at electronic docketing page 87. The state district court denied relief, and petitioner appealed. On the appeal, the Supreme Court of Nevada affirmed the denial of relief. The remittitur issued on February 5, 2008. #9, Exhs. 2 & 3.

Thereafter, more than a year later, petitioner filed a *pro se* state post-conviction petition and a *pro se* motion to withdraw guilty plea. Petitioner mailed the post-conviction to the state district clerk for filing on or about February 28, 2009. He mailed the motion to withdraw plea for filing on or about March 5, 2009. #9, Exhs. 4 & 5.

The state district court denied relief as to both filings, and the Supreme Court of Nevada affirmed in a consolidated appeal. The court held that the motion to withdraw guilty plea was barred by laches and that the post-conviction petition was untimely. The remittiturs on the consolidated appeals issued on December 29, 2009. #9, Exhs. 11-14.

Petitioner mailed the original federal petition to the Clerk of this Court for filing on or about December 21, 2009. #5, at 1.

### Governing Law

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented here, a federal habeas petition must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Section

---

[1] Petitioner also filed a motion to withdraw guilty plea on or about November 22, 2005. The Supreme Court of Nevada affirmed the denial of the motion in the September 20, 2006, order described in the text. See,e.g., #6, at electronic docketing pages 85-86. The pendency of proceedings on the motion during the same time frame in which the state petition was pending has no material bearing on the analysis herein.

1  2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or
2  other collateral review with respect to the pertinent judgment or claim is pending shall not be
3  counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The
4  limitation issue may be raised by the district court *sua sponte*. *Herbst v. Cook*, 260 F.3d 1039
5  (9th Cir. 2001).

6  The one-year limitation period additionally may be equitably tolled. Equitable tolling
7  is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights
8  diligently, and (2) that some extraordinary circumstance stood in his way' and prevented
9  timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924
10 (2007)(*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d
11 669 (2005)). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104,
12 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest
13 the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th
14 Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The
15 petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at
16 1065. He accordingly must demonstrate a causal relationship between the extraordinary
17 circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th
18 Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

19 The Ninth Circuit has affirmed that intervening Supreme Court case law "is consistent
20 with our sparing application of the doctrine of equitable tolling:"

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." *Harris* [*v. Carter*], 515 F.3d [1051,] . . . 1055 [(9th Cir. 2008)].

26 *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.), *cert. denied*, 130 S.Ct. 244
27 (2009).
28  / / / /

-3-

### *Discussion*

In the present case, the federal limitation period, unless otherwise tolled, began running after the expiration of the time period for filing a direct appeal, *i.e.*, after February 2, 2005.

In this regard, the Ninth Circuit has held that, in a situation where a Nevada petitioner has pursued a *Lozada* petition, the date of the conclusion of direct review for purposes of Section 2244(d)(1)(A) remains the expiration of the direct appeal time rather than the expiration of the time for seeking *certiorari* after the conclusion of the later *Lozada* proceeding. *See Randle v. Crawford*, 604 F.3d 1047, 1050 & 1055-57 (9th Cir.), *cert. denied*, ___ U.S. ___, 131 S.Ct. 474, 178 L.Ed.2d 301 (2010).

Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief.

Petitioner mailed a timely state post-conviction petition for filing on or about June 9, 2005, after 126 days of the federal limitation period, unless otherwise tolled, had elapsed.

The state post-conviction proceedings arguably remained pending through the issuance of the remittitur on the appeal affirming the denial of the *Lozada* petition, on February 5, 2008.[2] The federal limitation period, unless otherwise tolled, began running again after that date, expiring 239 days later on October 1, 2008.

Petitioner did not mail the federal petition for filing until December 21, 2009, over one year and 81 days after the federal limitation period, unless otherwise tolled, had expired.

The federal limitation period, unless otherwise tolled, thus already had expired prior to petitioner's state court filings in February and March 2009.

In his unsworn response to the show cause order, petitioner maintains that he is entitled to equitable tolling on the following basis.

---

[2] The Court has assumed, *arguendo*, to petitioner's benefit, that the state post-conviction proceedings initiated by the June 2005 petition remained pending continuously as one proceeding following the 2006 remand through the appointment of counsel and the completion of the *Lozada* proceedings. This appears to be a permissible, but not necessarily determinative, reading of the state court record materials currently on file.

1     According to the unsworn response, petitioner retained an attorney on October 19, 2007, "to continue in [the] lower courts, [and] if that failed . . . [to] continue with my federal (post-conviction)." Petitioner asserts that he submitted all of his paperwork to the attorney for processing and continued to try to contact him thereafter to no avail. He maintains that, during this time period, he was housed in disciplinary segregation and was moved from prison to prison with "very limited access to legal documents." He asserts that after finally getting a response from the attorney eleven months later (which would be in approximately August 2008), the attorney assured him that "paper work would be filed, and petitioner would be on time." He maintains that the attorney then "disappeared" again and that he had to contact the state bar with an attorney complaint. #15, at 2.

    Petitioner concludes his factual assertions as follows:

> . . . . [P]etitioner made one (1) final attempt to contact retained attorney and was then told by attorney to file federal (post-conviction). On <u>2-18-09</u> petitioner did as told. [A]ttorney then stated he was only returning half of the retained fee that petitioner paid in full and also refused to return all legal documents.

#15, at 2-3 (underlining in original).[3]

    Petitioner asserts that "from the date of retaining on <u>10-19-07</u> . . . until <u>2-18-09</u> . . . when petitioner wanted to fires [sic] counsel for failure to file anything . . . counsel ineffectiveness caused petitioner to file a late petition." #15, at 5 (underlining in original).

    At the outset, petitioner's unsworn and often generalized assertions fail to present competent evidence as required by the show cause order. The order stated that "all assertions of fact made by petitioner must be detailed, must be specific as to time and place, and must be supported by competent evidence." The order also stated that "any assertions of fact that are not either made pursuant to a declaration under penalty of perjury based upon personal knowledge or supported by competent specific evidence filed . . . in the record in this

---

[3] Petitioner also refers to *pro se* papers that he filed in the state courts that were withdrawn by counsel in July and September of 2007. #15, at 3. The circumstances regarding these filings did not prevent petitioner from filing a federal petition, and petitioner already was entitled to statutory tolling through February 5, 2008, in all events.

Court" would not be considered. The order informed him that the case would be dismissed if he did not show by specific and competent evidence that the petition was timely. #14, at 4-5.

The unsworn factual assertions made by petitioner in his show cause response are not made pursuant to a declaration under penalty of perjury. Nor are the factual assertions fully supported in all respects by the documents tendered with the response.[4] The factual assertions further are vague in many respects, such as with respect to files allegedly withheld, the specific extent of any efforts by petitioner efforts to obtain the files, and the alleged effect on petitioner's ability to file a federal petition earlier.

In any event, even taking petitioner's unsworn factual assertions into account, petitioner has failed to establish a basis for equitable tolling sufficient to render his federal petition timely. At best, and purely *arguendo*, petitioner's factual assertions would establish a basis for equitable tolling only through February 18, 2009. Petitioner asserts that his erstwhile counsel told him at that time to file a federal post-conviction petition and that he purportedly did so. Petitioner did *not* file a federal petition at that time, however. What petitioner filed instead was a state post-conviction petition on February 28, 2009, and a motion to withdraw guilty plea on March 5, 2009.

If petitioner was able to file these state papers after learning that counsel would not be filing anything, he clearly was capable of filing a federal petition, particularly as he already had exhausted claims.[5] His factual assertions again, at best, establish an *arguendo* basis for equitable tolling only through February 18, 2009, which is the last date through which he

---

[4] For example, the representation agreement makes no reference to the filing of a federal habeas petition and instead refers expressly only to "filing motion to modify motion to withdraw guilty plea" that was pending in the then-pending state court proceeding. The February 18, 2009, letter returning $1,500 in attorneys' fees makes no mention of either federal habeas proceedings or a refusal to return legal files.

Petitioner refers to a refusal of correctional authorities to provide him a copy of his transport records to corroborate his assertions in this regard. The assertions in this regard and any corresponding records are not material to the Court's analysis herein.

[5] *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005)(a habeas petitioner with exhausted claims may file federal petition and seek a stay to exhaust additional claims in state court); *Pace*, 544 U.S. at 416-17, 125 S.Ct. at 1813-14 (similar).

claims equitable tolling At that point, he would have only 239 days left in the federal limitation period. He did not constructively file a federal petition, however, until 306 days later, 67 days after the federal limitation period expired, even taking into account his claim of equitable tolling on an *arguendo* basis.

In this regard, petitioner's vague unsworn assertions as to withheld files do not establish an extraordinary circumstance standing in the way of a timely federal filing. Over and above the fact that petitioner does not seek equitable tolling past February 18, 2009, petitioner was capable of filing thereafter a state post-conviction petition and a motion to withdraw plea despite any such retained files. Petitioner then filed the federal petition immediately following the state supreme court's decision, which reflects that the federal petition was being delayed for the completion of the state proceedings rather than due to any allegedly withheld files.

The 2009 state petition and motion that were rejected due to petitioner's failure to timely seek such relief did not statutorily toll the federal limitation period. *See Pace*, 544 U.S. at 413-17, 125 S.Ct. at 1811-14.

Finally, alleged erroneous advice or lack of advice by retained counsel as to the federal limitation period further does not provide a basis for equitable tolling, as attorney negligence is insufficient to establish tolling. *See,e.g., Randle*, 604 F.3d at 1058.

The Court accordingly holds that the petition is time-barred.

IT THEREFORE IS ORDERED that the petition, as amended, shall be DISMISSED with prejudice as untimely.

IT FURTHER IS ORDERED that petitioner's motions (## 10 & 13) for appointment of counsel are DENIED.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the Court's dismissal of the petition as untimely to be debatable or wrong. Petitioner did not file the federal petition until approximately ten months after the alleged circumstances supporting his claim of equitable tolling had ended. The federal limitation period would have ended two months prior to that time, even if the Court were to

accept, *arguendo*, the unsworn and nonspecific factual assertions presented in support of petitioner's claim of equitable tolling.

The Clerk of Court shall enter final judgment accordingly, dismissing this action with prejudice.

DATED: February 4, 2011

ROBERT C. JONES
United States District Judge

-8-